UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARA KATLYN JADE, #556172,
        Petitioner,

v.                                                   Case No. 13-10149
                                                            Honorable Patrick J. Duggan

DEBRA SCUTT,
        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION TO FILE BEYOND THE 20-PAGE LIMIT

This matter is before the Court on Petitioner's motion for appointment of counsel and for extension to file beyond the 20-page limit. Petitioner has filed her habeas petition, but Respondent has not yet filed an answer to the petition or the state court record. Those materials are due on August 2, 2013.

Petitioner seeks the appointment of counsel claiming that she is unable to afford counsel, that she lacks the education and legal expertise to proceed on her own, and that her habeas claims are complex, potentially meritorious, and may require a hearing. Petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). As noted, Petitioner has submitted pleadings in support of her claims, and Respondent has not yet filed an answer to the petition. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel.

*See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). The Court therefore is denying Petitioner's request for counsel. Nevertheless, the Court will bear in mind Petitioner's request if, upon further review of the pleadings, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion concerning this issue.

Petitioner also requests that she be allowed to file a petition beyond a perceived 20-page limit and requests an extension to 50 pages. The Court, however, does not enforce a page limitation on habeas petitions. Local Rule 7.1 refers to motions, not habeas petitions. Petitioner's pleadings have been filed and accepted by the Court for review. Her request is therefore unnecessary.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for the appointment of counsel is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion for extension to file beyond the 20-page limit is **DENIED AS MOOT**.

Dated:February 20, 2013      s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE

Copies to:
Mara Katlyn Jade, #556172
Parnall Correctional Facility
1780 E. Parnall Road
Jackson, MI 49201

AAG Laura Moody

2